UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SESTECH ENVIRONMENTAL LP, | : | Case No. 1:08CV2417 |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | : | **MEMORANDUM & ORDER** |
| Defendant. | : | |

This case arises on the Plaintiff's *Motion for Remand* (Doc. 5) seeking an Order remanding this case to the Cuyahoga County, Ohio, Court of Common Pleas. For the reasons articulated below, the motion to remand is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Sestech Environmental LP ("Sestech") filed its Complaint in the Cuyahoga County Court of Common Pleas on September 5, 2008. (Doc. 1-4.) The case was assigned to Judge Carolyn B. Friedland, Case No. 08 669696. On October 10, 2008, Defendant Westchester Surplus Lines Insurance Company ("Westchester") filed a timely[1] Notice of Removal pursuant to 28 U.S.C. § 1446. (Doc. 1.) Sestech timely filed the motion to remand (Doc. 5) presently before the Court pursuant to 28 U.S.C. § 1447(c) on November 7, 2008.

Since at least 2006, Westchester has insured Sestech under a series of comprehensive general liability policies. The Complaint essentially alleges that Westchester breached the operative

---

[1] The Complaint was served on Westchester on September 15, 2008. The Notice of Removal was filed within 30 days of that date. *See* 28 U.S.C. § 1446(b).

insurance policy ("the Policy") in 2007. More specifically, Sestech claims that Westchester breached its contractual duty to defend Sestech under the Policy with respect to a separate case now pending in the same Ohio court – *i.e.*, *Euclid Business Park, LLC v. Jerry Peters, et al.*, Case No. CV 06 589304 in the Cuyahoga County Court of Common Pleas ("the Underlying Action"). Among other claims in this action, Sestech is seeking declaratory judgment regarding Westchester's coverage duties and obligations as an insurer with respect to the Underlying Action.

## II.    MOTION TO REMAND

In its motion to remand, Sestech argues that Westchester waived its right to removal in the Policy, *i.e.*, the governing contract. The language of the Policy Sestech relies upon appears in the "Service of Suit Endorsement" and provides as follows:

> If you request, we will submit to the jurisdiction of any court of competent jurisdiction. We will accept the final decision of that court or any Appellate Court in the event of an appeal.

(Doc. 5-2.) Sestech argues that Westchester has waived its right to remove under Sixth Circuit authority by including this language in the Policy. In response, Westchester contends that this language does not satisfy the applicable standard for waiver of the right to remove.

The applicable standard for waiver of the right to removal is undisputed. In the Sixth Circuit, waiver of the right to removal must be expressed clearly and unequivocally. *See Regis Assoc. v. Rank Hotels*, 894 F.2d 193, 195 (6th Cir. 1990); *In re Delta Am. ReInsurance Co.*, 900 F. 2d 980 (6th Cir. 1990). The issue, therefore, is whether the Policy language quoted above expresses a clear and unequivocal intent to waive the right to remove the action to an appropriate federal district court.

Based on the reasoning and analysis in the cases cited in Sestech's cogent briefs, *see e.g. Capital Bank and Trust Co. v. Assoc. Int'l Ins. Co.*, 576 F. Supp. 1522 (M.D. La. 1984), the Court

finds that, by agreeing to "**submit** to the jurisdiction of any court of competent jurisdiction" selected by Sestech, and to "**accept** the **final** decision of **that** court," Westchester expressly waived its removal right clearly and unequivocally. (*See* Doc. 5-2 (emphasis added).) The Court finds the fact that **Westchester** (not Sestech) drafted the language at issue and expressly promised that it would submit to the jurisdiction of the court selected by Sestech through final judgment particularly noteworthy. Removal is logically inconsistent with this promise. Accordingly, Sestech's motion to remand is well-taken.

This result is further supported by the particular facts and claims in this case. The central claim in this case is declaratory judgment – Sestech is seeking a declaration of its rights with respect to coverage for the defense of the Underlying Case. As recently discussed in *Polyone Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 5:08cv1425, 2008 WL 4592927, at *7-8 (N.D. Ohio Oct. 14, 2008) (Polster, J.), the coverage issue in this case is best left to the discretion of the court with jurisdiction over the Underlying Case for which coverage is sought. The *Polyone Corp.* court noted that recent Sixth Circuit authority supports discretionary remand in situations where the Underlying Case is being litigated in state court, the issues to be resolved in the removed case involve state insurance law best addressed by state courts, and/or the Underlying Case and the removed coverage case involve common issues of fact. *Id*. at *8 (citing *Travelers Indem. Co. v. Bowling Green Professional Assoc., PLC*, 495 F.3d 266, 271-272 (6th Cir. 2007); *cf. Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000) (setting forth factors for district court to consider in deciding whether to exercise jurisdiction under the federal declaratory judgment act and noting that there is no per se rule). This is just such a situation: the Underlying Case is presently pending in the Cuyahoga County Court of Common pleas, the declaratory judgment claim arises under state law

(O.R.C. § 2721.01 *et seq*.) and turns on issues of Ohio insurance law, and the facts in the Underlying Case bear on the coverage dispute in this case. Accordingly, even if Westchester had not waived its right to removal, the Court would decline to exercise jurisdiction over this case for the reasons discussed in *Polyone Corp.* and the cases cited therein.

### III. CONCLUSION

For the foregoing reasons, *Plaintiff Sestech Environmental LP's Motion for Remand* (Doc. 5) is **GRANTED**. This case is hereby **REMANDED** to the Cuyahoga County, Ohio, Court of Common Pleas.

**IT IS SO ORDERED.**

                                             s/Kathleen M. O'Malley
                                             **KATHLEEN McDONALD O'MALLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**Dated: January 30, 2009**